**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LARRY PRIDE,

      Petitioner,

vs.                                                                   Case No. 3:09-cv-519-J-32JBT

SEC'Y, FLA. DEP'T OF CORR., et al.,

      Respondents.

## ORDER

### I. Status

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is proceeding on an Amended Petition (Doc. #7), in which he challenges his 2005 state court (Duval County) conviction for sale or delivery of cocaine.[1] In grounds one through five, Petitioner claims that his trial counsel was ineffective for failing to: (1) object to the impermissible testimony of Detective Clement, thereby failing to preserve this issue for appellate review; (2) argue for a downward departure sentence; (3) obtain testimony from

---

[1] Petitioner was charged with two counts of sale or delivery of cocaine. He challenges his conviction concerning count two (the January 2, 2005 sale) in the instant case. He challenges his conviction relating to count one (the December 30, 2004 sale) in Case No. 3:09-cv-323-J-34MCR. Petitioner was tried separately on counts one and two and also appealed those convictions separately.

a handwriting expert; (4) file a motion to discharge Petitioner; and (5) adequately cross-examine Detective Clement. In his final ground, Petitioner asserts that trial counsel's cumulative errors and omissions deprived Petitioner of a fair and impartial trial.

Respondents have responded to the Amended Petition. See Response to Habeas Petition (Doc. #17) (hereinafter Response).[2] Petitioner has replied. See Reply to Respondents' Response to Habeas Corpus (Doc. #41). Thus, this case is ripe for review.[3]

## II. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

---

[2] The Court hereinafter refers to the Exhibits (Doc. #18) submitted in support of the Response as "Ex."

[3] Respondents set forth the state court procedural history and do not contest the timeliness of this action. See Response at 1-3. Thus, the Court will not repeat the procedural history.

## III.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), this Court's review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).  "By its terms [28 U.S.C. ] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions."  Harrington v. Richter, 131 S.Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision[4] "was contrary to" federal law then clearly established in the holdings of [the United States Supreme] Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Id. at 785.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)."  Schriro, 550 U.S. at 473-74.  "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts."  Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

---

[4] In Harrington, 131 S.Ct. at 785, the Court "h[eld] and reconfirm[ed] that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"

3

## IV. Applicable Ineffectiveness Law

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[5] Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

---

[5] "[W]hen a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." Davis v. Sec'y for the Dep't of Corr., 341 F.3d 1310, 1316 (11th Cir. 2003) (per curiam) (citation omitted).

Harrington, 131 S.Ct. at 787-88. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir.) (citation omitted), cert. denied, 131 S.Ct. 647 (2010).

A state court's adjudication of an ineffectiveness claim is accorded great deference. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' [Strickland], at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, Knowles[6], 556 U.S., at ----, 129 S.Ct. at 1420." Harrington, 131 S.Ct. at 788.

## V. Findings of Fact and Conclusions of Law

### A. Procedural Bar

Respondents contend that ground five is procedurally barred because it was never exhausted in state court.[7] They also assert that Petitioner's remaining claims are procedurally barred because, even though Petitioner raised these claims in a motion for post-conviction relief filed pursuant to Fla. R. Crim. P. 3.850 (hereinafter 3.850 motion), he did not include any discussion of these claims in his appeal of the denial of the 3.850 motion.[8] See Response at 3-9. This Court agrees that Petitioner's claims are procedurally

---

[6] Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

[7] Respondents incorrectly identify this unexhausted claim as ground four, but it is clear they are referring to the claim raised in ground five.

[8] Petitioner did not raise his ineffectiveness claims in the appeal of the order denying the 3.850 motion. Instead, he raised only two claims in his appellate brief: (1) that the circuit court erred in summarily denying the 3.850 motion without attaching portions of the record

5

barred for the reasons set forth in the Response.  However, the Respondents address the claims in the alternative on the merits; therefore, the Court will do the same.

## **B. Ground One**

Petitioner contends that counsel was ineffective for failing to object to the impermissible testimony of Detective Clement, thereby failing to preserve this issue for appellate review.  Specifically, he asserts that the trial court granted a motion in limine, precluding the state from introducing any evidence relating to the search of the house at 1313 Domas Drive or any evidence collected therefrom.  At trial, the prosecutor and Detective Clement engaged in the following colloquy:

> Q    Detective, I'm showing you what has been marked as State's Exhibit A for identification purposes.  What do you recognize that to be?
>
> A    Mr. Pride at the back door of 1313 Domas Drive.
>
> Q    Is that a fair and accurate depiction of how he appeared back on January 2nd, 2005?
>
> A    Yes, it is.

Ex. C at 42.  Petitioner asserts that trial counsel was ineffective for failing to object to the above-quoted testimony.  Amended Petition at 12-13.

Petitioner raised this claim in his 3.850 motion.  The State responded to the 3.850 motion, arguing that this claim was "ridiculous" because there was no legal basis for

---

to support such a denial; and (2) that the circuit court erred in denying Petitioner's motion for rehearing without explanation.  See Ex. M.

objecting to this testimony.[9] Ex. J at 106. The state circuit court summarily denied the 3.850 motion "for the reasons set forth in the State's Response" to the 3.850 motion. Id. at 101.[10]

Thus, there is a qualifying decision under AEDPA from the state circuit court.[11] Next, this Court must consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002). Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, Petitioner is not entitled to relief on this claim.

---

[9] This photograph was offered to show Petitioner's appearance on the date of the offense. The photograph did not relate to the search of the house at 1313 Domas Drive or any evidence collected therefrom.

[10] In Woodfox v. Cain, 609 F.3d 774, 795 (5th Cir. 2010), the court found that the state court's denial of a motion for post-conviction relief, which incorporated the state's response to the motion, was an adjudication on the merits entitled to deference under AEDPA.

[11] As noted above, Petitioner did not raise his ineffectiveness claims in the appeal of the order denying the 3.850 motion. Thus, it does not appear that the appellate court adjudicated Petitioner's ineffectiveness claims on the merits. Accordingly, there is no qualifying decision under AEDPA from the state appellate court.

### C.  Ground Two

Petitioner asserts that counsel was ineffective for failing to argue for a downward departure sentence.  Petitioner raised this claim in his 3.850 motion, and the State responded to the claim as follows:

> [T]he defendant alleges that his trial counsel was ineffective because [she] failed to argue a downward departure. The defendant alleges that the police engaged in sentence manipulation because they didn't arrest him the first time he sold drugs to them.  Instead the police bought drugs from the defendant a second time and executed a search warrant on his residence. The defendant's allegations are <u>ridiculous</u>.  There is no legal prohibition against the police conducting a long term investigation.  There isn't a legal basis for his counsel to argue for a downward departure because the defendant chose to commit multiple crimes.

Ex. J at 107.

The state circuit court denied the 3.850 motion for the reasons set forth in the State's response to the 3.850 motion. <u>Id</u>. at 101.  Thus, there is a qualifying decision under AEDPA from the state circuit court.  Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Therefore, Petitioner is not entitled to relief on this claim.

### D.  Ground Three

Petitioner asserts that counsel was ineffective for failing to obtain testimony from a handwriting expert. In support of this claim, Petitioner notes that Detective Bertrand Hollins

testified at trial that, after the Detective bought some cocaine from Petitioner, Petitioner wrote his telephone number on a slip of paper, gave it to Detective Hollins and said that Detective Hollins could call him "any time." Ex. C at 64. Petitioner contends a handwriting expert would have testified that the telephone number on the piece of paper was not written by Petitioner. See Amended Petition at 16.

Petitioner raised this claim in his 3.850 motion, and the State responded to the claim as follows:

> However, the defendant was seen on video writing his number down for the detective.[12] There is no way that a handwriting expert would have changed the outcome of the trial.

Ex. J at 108.

The state circuit court denied the 3.850 motion for the reasons set forth in the State's response to the 3.850 motion. Id. at 101. Thus, there is a qualifying decision under AEDPA from the state circuit court. Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, Petitioner is not entitled to relief on this claim.

---

[12] See Ex. C at 58-60, 64-65.

### E.  Ground Four

Petitioner contends that counsel was ineffective for failing to file a motion to discharge Petitioner. Specifically, Petitioner asserts that counsel should have filed a motion to dismiss the charges based on a statement in the search warrant that an unknown black male sold Detective Clement cocaine from the house at 1313 Domas Drive within the past ten days. Amended Petition at 17. Petitioner raised his claim in his 3.850 motion, and the State responded to the claim as follows:

> The defendant has failed to articulate a legally valid claim that his lawyer could have filed a motion. The defendant states that there was a problem with the search warrant. None of that evidence was introduced in either trial.

Ex. J at 106.

The state circuit court denied the 3.850 motion for the reasons set forth in the State's response to the 3.850 motion. Id. at 101. Thus, there is a qualifying decision under AEDPA from the state circuit court. Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, Petitioner is not entitled to relief on this claim.

### F.  Ground Five

Petitioner contends that counsel was ineffective for failing to adequately cross-examine Detective Clement. Specifically, he asserts that counsel should have elicited

testimony that Detective Clement did not describe the person who sold him cocaine as having two gold teeth. See Amended Petition at 18. As noted previously, Petitioner never raised his precise claim in state court. However, the Court finds it to be without merit for the reasons stated by the Respondents in their Response. See Response at 25-28.

### G. Ground Six

Petitioner asserts that trial counsel's cumulative errors and omissions deprived him of a fair and impartial trial. Amended Petition at 19. Petitioner raised his claim in his 3.850 motion, but the State did not specifically respond to this claim. See Ex. J at 108. Again, the circuit court incorporated the State's response in denying the 3.850 motion. Id. at 101. Thus, there does not appear to be a qualifying decision under AEDPA.

Nevertheless, this claim is wholly without merit.

> As set forth above, [Petitioner] has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial. See Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that because certain errors were not of constitutional dimension and others were meritless, petitioner "has presented nothing to cumulate").

Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000). Thus, Petitioner's cumulative error claim "fails in light of the absence of any individual errors to accumulate." Morris v. Sec'y, Dept. of Corr., No. 09-15471, 2012 WL 1370848, *14 n.3 (11th Cir. Apr. 20, 2012). Accordingly, Petitioner is not entitled to relief on this claim.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition (Doc. #7) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability.[13] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of the Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

---

[13] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

4. The **Clerk of the Court** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of July, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 5/23
c:
Larry Pride
Counsel of Record

13